United States District Court
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   WALTER SOBERA, WILLIE B. OWENS, )   Case No. 14-cv-00979-SC
    ABDIWELI JEYDHE, CANDIS DOERING, )
10  JAMES HOPKINS, and GREGORY       )   ORDER GRANTING DEFENDANT'S
    GLYNN,                           )   MOTION TO STAY
11                                   )
              Plaintiffs,            )
12                                   )
          v.                         )
13                                   )
    DEPUY ORTHOPAEDICS, INC.;        )
14  JOHNSON & JOHNSON SERVICES,      )
    INC.; JOHNSON & JOHNSON, INC.;   )
15  THOMAS P. SCHMALZRIED, M.D.; and )
    DOES 1 through 20, inclusive,    )
16                                   )
              Defendants.            )
17  _____ )

18

19

20  I.  **INTRODUCTION**

21      Now before the Court are Plaintiffs' motion to remand to the

22  Superior Court of California and Defendants DePuy Orthopaedics,

23  Inc.; Johnson & Johnson Services, Inc.; and Johnson & Johnson's

24  (collectively "Defendants") motion to stay these proceedings.  Both

25  motions are fully briefed,[1] and both are suitable for decision

26  without oral argument pursuant to Civil Local Rule 7-1(b).  For the

27  _____

28  [1] ECF Nos. 10 ("Pls.' Mot."), 12 ("Opp. to Pls.' Mot."), 11 ("Defs.
    Mot."), 13 ("Opp. to Defs.' Mot."), 14 ("Defs.' Reply").

reasons set out below, the Court GRANTS Defendants' motion and STAYS this case, including its consideration of Plaintiffs' motion to remand.

**II.  BACKGROUND**

On January 30, 2014, Plaintiffs filed this action in the Superior Court of California for the County of San Francisco. Plaintiffs alleged that Defendants manufactured, promoted, and/or sold the DePuy Pinnacle Acetabular Cup System ("Pinnacle System"), a device used in hip replacement surgery, which Plaintiffs claim was defective.  ECF No. 1 at 43-48.  On March 3, Defendants removed the case, invoking federal diversity jurisdiction under 28 U.S.C. § 1332 and claiming that Defendant Thomas P. Schmalzried, M.D. ("Schmalzried") had been fraudulently joined.  ECF No. 1. Plaintiffs sought remand, arguing that Schmalzried was properly joined and that its California citizenship precluded diversity jurisdiction.  Pls.' Mot. at 2.

In May of 2011, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL No. 2244 to handle cases sharing "factual questions as to whether DePuy's Pinnacle Acetabluar Cup System . . . was defectively designed and/or manufactured, and whether Defendants failed to provide adequate warnings concerning the device."  In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig., 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011). Defendants requested that the JPML transfer this case to MDL 2244 and that this Court stay all proceedings pending the JPML's decision.  On March 25, 2014, the JPML issued a conditional transfer order identifying this case as one involving questions of

**United States District Court**
For the Northern District of California

fact common to the other actions previously transferred to MDL 2244.  Conditional Transfer Order (CTO-171) at 1-2, <u>In re De PPuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.</u>, No. 14-00348, MDL No. 2244 (J.P.M.L. 2014); ECF No. 1 ("CTO-171"). Plaintiffs have opposed the transfer.

**III.  <u>LEGAL STANDARD</u>**

The authority to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ."  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936).  A conditional transfer order does not require that the transferor court stay proceedings or limit its jurisdiction. J.P.M.L. Rule 2.1(d).  Rather, the decision to grant a stay is within the district court's discretion.  <u>See</u> <u>In re iPhone App. Litig.</u>, No. 10-CV-5878-LHK, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011); <u>Rivers v. Walt Disney Co.</u>, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  When considering a stay pending transfer to MDL, courts consider three factors: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship to the moving party if the action is not stayed; and (3) potential prejudice to the nonmoving party.  <u>See, e.g.</u>, <u>Lingle v. DePuy Orthopaedics, Inc.</u>, No. 11cv1486, 2011 WL 5600539, at *1 (S.D. Cal. Nov. 17, 2011); <u>Rivers</u>, 980 F. Supp. at 1360.

**IV.  <u>DISCUSSION</u>**

**A.  <u>Judicial Economy and Duplicative Litigation</u>**

This first factor primarily concerns preventing this Court from "needlessly expend[ing] its energies familiarizing itself with

**United States District Court**
For the Northern District of California

the intricacies of a case that would be heard by another judge" and avoiding replication of case management by the MDL judge. <u>Rivers</u>, 980 F. Supp. at 1360-61. When deciding whether to grant a stay prior to ruling on a motion to remand, "courts consider whether the motion raises issues likely to arise in other actions pending in the MDL transferee court." <u>Conroy v. Fresh Del Monte Produce, Inc.</u>, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). Courts that have denied a stay and ruled on motions to remand have found that the issues involved in the remand motion were unlikely to arise in any other cases before the MDL. <u>See, e.g.</u>, <u>Lopez v. Pfeffer</u>, No. 13-cv-03341 NC, 2013 WL 5367723, at *3 (N.D. Cal. Sept. 25, 2013); <u>Marble v. Organon USA, Inc.</u>, No. C 12-02213 WHA, 2012 WL 2237271, at *3 (N.D. Cal. June 15, 2012).

The Court finds that the interests of judicial economy favor staying this action and allowing the MDL to resolve the motion to remand. Judicial efficiency is served generally through consolidation in the MDL. All of the (more than one thousand) products liability cases involving the Pinnacle System can be heard by a single judge who is familiar with the facts. <u>See</u> CTO-171, at 1. More specifically, a number of other cases involving the issue of Schmalzried's fraudulent joinder have already been stayed by the district courts hearing them and referred to the MDL. <u>See, e.g.</u>, <u>Blalock v. DePuy Orthopaedics, Inc.</u>, No. C 11-04746 SBA, 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011); <u>Lingle</u>, 2011 WL 5600539 at *1-*2; <u>Earl v. DePuy Orthopaedics, Inc.</u>, No. 2:11-cv-07831-JHN-MRW, 2011 WL 7092288 (C.D. Cal. Nov. 15, 2011); <u>Freisthler v. DePuy Orthopaedics, Inc.</u>, No. CV 11-6580 DSF, 2011 WL 4469532, at *2 (C.D. Cal. Sept. 21, 2011). Staying this action will allow the MDL

**United States District Court**
For the Northern District of California

to resolve the issue of Schmalzried's fraudulent joinder in all of these cases efficiently and consistently.

In opposing the motion to stay, Plaintiffs rely almost exclusively upon Shelton v. DePuy Orthopaedics, Inc., another products liability case involving the Pinnacle System in which Schmalzried was joined.  In that case, Judge Dean Pregerson denied a motion to stay pending transfer to the MDL, held that Schmalzried had not been fraudulently joined, and remanded the matter to state court.  No. CV 11-08082 DDP, 2011 WL 6001630 (C.D. Cal. Dec. 1, 2011); see also Opp. to Defs.' Mot. at 2, 6.  Shelton recognized that district courts have divided on this issue, sometimes granting stays and sometimes ruling on motions to remand.  Id. at *1.

Shelton also applied a test developed in the Eastern District of Wisconsin, which suggests that a court should consider a motion to stay prior to a motion to remand "only if the jurisdictional issue is both difficult and similar or identical to those cases transferred or likely to be transferred [to the MDL]."  Id. (quoting Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001).  However, this Court has never adopted that test, and, as evidenced by the numerous contrary cases cited above, adoption of the Myers test is hardly widespread.  See also Grove v. Organon USA, Inc., No. 13-2138 SC, 2013 WL 3286225, at *1 (N.D. Cal. June 27, 2013) ("It is obvious to the Court that it can consider a motion to stay before a motion to remand . . . .").  Courts in this district have regularly considered motions to stay before motions to remand.

Even were this Court to adopt the Myers test, an important distinction from Shelton renders Shelton inapposite.  As Defendants

**United States District Court**
For the Northern District of California

point out, Shelton was decided solely on the basis of California law. Shelton, 2011 WL 6001630, at *3 ("Defendants argue that there is no possibility Plaintiff can prevail on any of her claims against Dr. Schmalzried under California law.").  Here, Plaintiffs and Defendants disagree as to which law applies to the question of Schmalzried's potential liability. See Pls.' Mot., at 10 ("it is evident that California law applies to this action"); Opp. to Pls.' Mot., at 15 ("plaintiffs are wrong that California law governs"). If this Court were to evaluate the complexity of the jurisdictional issue before it, as required by the Myers test, the additional complexity in this remand motion would likely render transfer to the MDL appropriate.

Allowing the MDL to decide the fraudulent joinder issue avoids unnecessary duplicative litigation across several federal districts.  It also eliminates the risk of inconsistent rulings, either among the district courts, between the district courts and the MDL, or both.

**B.   Hardship to the Moving Party**

The Court finds that denying the motion to stay would impose hardship upon Defendants.  Primarily, it would force Defendants to "litigate the same complex issues in this Court that will likely be later litigated in the MDL court." Defs.' Mot., at 7. This factor, too, favors granting a stay.

**C.   Prejudice to Non-Moving Party**

Plaintiffs do not directly assert any prejudice inflicted by the stay, though they do argue that Defendants' motion is "only meant to delay." Opp. to Defs.' Mot., at 7.  Any delay is likely to be short, as the JPML is already considering whether to transfer

the case.  Moreover, the efficiency and expertise gained through having a single judge hear the motion to remand alongside others like it likely outweigh any prejudice.  <u>See</u> <u>Grove</u>, 2013 WL 3286225, at *1.

**V.  <u>CONCLUSION</u>**

For the foregoing reasons, the Court GRANTS Defendants' motion and STAYS the proceedings in this case, including consideration of Plaintiffs' motion to remand, pending the JPML's decision on transferring the case.

IT IS SO ORDERED.

Dated: N*ã↔→ÁGĞÊÁG€FH

_____

UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7