

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK

By s/ THOMAS DREW
         DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF TEXAS
June 04, 2014

## UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION               MDL No. 2244

### TRANSFER ORDER

**Before the Panel**:  Pursuant to Panel Rule 7.1, plaintiffs in a Northern District of California action, listed on Schedule A, move to vacate our order that conditionally transferred their action to MDL No. 2244.  Defendants DePuy Orthopaedics, Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson, Inc., oppose the motion.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2244, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for reasons set out in our order directing centralization.  In that order, we held that the Northern District of Texas was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's Pinnacle Acetabular Cup System hip implants.  *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F.Supp. 2d 1358 (J.P.M.L. 2011).  This action involves injuries from implantation of DePuy Pinnacle Acetabular Cup System hip implants and clearly falls with the MDL's ambit.

Plaintiffs do not dispute that their action shares questions of fact concerning Pinnacle hip implants with actions pending in MDL No. 2244.  Plaintiffs instead base their arguments against transfer primarily on the pendency of their motion to remand the action to state court.  Plaintiffs can present their motion for remand to the transferee judge.[1]  *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable James E. Kinkeade for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |
| Ellen Segal Huvelle | R. David Proctor |

| | |
|---|---|
| **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION** | MDL No. 2244 |

## SCHEDULE A

<u>Northern District of California</u>

SOBERA, ET AL. v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 3:14-979